UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAAC A. MITCHELL,<br><br>        Petitioner,<br>v.<br><br>M. MARTEL, Warden,<br><br>        Respondent. | Civil No. 09-0518-BEN(LSP)<br><br>REPORT AND RECOMMENDATION GRANTING RESPONDENT'S MOTION TO DISMISS (DOC. # 11) |

On March 10, 2009, Petitioner Isaac A. Mitchell (hereafter "Petitioner") a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254. Respondent has filed a Motion to Dismiss the Petition. Petitioner has filed an Opposition to the Motion to Dismiss. Respondent asserts that the Petition is untimely, and that neither statutory nor equitable tolling applies to make the Petition timely. Petitioner challenges Respondent's assertions.

The Court, having reviewed Petitioner's Petition for Writ of Habeas Corpus, Respondent's Motion to Dismiss, Petitioner's Opposition to the Motion to Dismiss and the Lodgments submitted by Respondent, finds that the Petition is barred by the statute of limitations. Therefore, the Court RECOMMENDS that Respondent's Motion to Dismiss be GRANTED.

I

PROCEDURAL HISTORY

On November 8, 1999, Petitioner was found guilty by a jury of robbery while on probation, and petty theft with a prior conviction. It was also found true that Petitioner had suffered one prior prison term conviction, two prior serious felony convictions and two prior strike convictions. (Respondent's Lodgment No. 1 at 1-3, 160)

Petitioner appealed his convictions to the California Court of Appeal and to the California Supreme Court. On May 23, 2001, the California Supreme Court denied Petitioner's Petition for Review. (Respondent's Lodgment No. 7)

On May 10, 2002, Petitioner filed a Petition for Writ of Habeas Corpus in this Court [Case No. 02-0932-BTM(NLS)]. On June 6, 2002, Petitioner requested that his Petition be dismissed. On August 7, 2002, Petitioner's request was granted and the Petition was dismissed. (Respondent's Lodgment No. 8)

On January 10, 2008[1], Petitioner filed a Petition for Writ of Habeas Corpus in the San Diego Superior Court. (Respondent's Lodgment No. 9). On January 28, 2008, the Superior Court denied the Petition. (Respondent's Lodgment No. 10).

On March 10, 2008, Petitioner filed a Petition for Writ of Habeas Corpus in the California Court of Appeal. (Respondent's Lodgment No. 11) On May 21, 2008, the Petition was denied. (Respondent's Lodgment No. 12).

On August 14, 2008, Petitioner filed a Petition for Writ of

---

[1] The Court gives Petitioner the benefit of the "mailbox rule" which deems that a petition is constructively filed when it is delivered to prison officials for filing. Houston v. Lack 487 U.S. 266(1988)

Habeas Corpus in the California Supreme Court (Respondent's Lodgment No. 14). On February 11, 2009, the California Supreme Court denied the Petition. (Respondent's Lodgment No. 15).

On March 10, 2009, Petitioner filed a Petition for Writ of Habeas Corpus in this Court.

II

PETITIONER'S PETITION IS BARRED

BY THE STATUTE OF LIMITATIONS

**A.   The AEDPA's One-Year Statute of Limitations.**

Respondent argues that the Petition is barred by the Antiterrorism and Effective Death Penalty Act's ("the AEDPA") statute of limitations. The provisions of the AEDPA apply to petitions for writs of habeas corpus filed in federal court after the AEDPA's effective date of April 24, 1996. Lindh v. Murphy, 521 U.S. 320, 117 S. Ct. 2059, 2068 (1997). Because the Petition was filed on March 10, 2009, the AEDPA applies to this case.

Prior to the enactment of the AEDPA on April 24, 1996, "state prisoners had almost unfettered discretion in deciding when to file a federal habeas petition." Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283, 1286 (9th Cir. 1997), cert. denied, 118 U.S. 897 (1998), overruled on other grounds by Calderon v. United States Dist. Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998). "[D]elays of more than a decade did not necessarily bar a prisoner from seeking relief." Id.

With enactment of the AEDPA, a state prisoner's time frame for seeking federal habeas relief was dramatically limited. The AEDPA amended 28 U.S.C. § 2244 by, in part, adding subdivision (d), which provides for a one-year limitation period for state prisoners

to file habeas corpus petitions in federal court.  Section 2244(d) states, in pertinent part:

> (d)(1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of -
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C.A. § 2244(d)

The Ninth Circuit has noted that under 28 U.S.C.A. §2244(d)(1)(A) a conviction becomes final by the expiration of the time to seek review from the highest court, whether or not such a petition is actually filed.  <u>Wixom v. Washington</u>, 264 F.3d 894, 897(9th Cir. 2001); <u>Bowen v. Roe</u>, 188 F.3d 1157, 1158-59 (9th Cir. 1999).  Direct review of Petitioner's convictions was completed on May 23, 2001.  Petitioner had ninety days from the time the Califor-

1  nia Supreme Court denied his Petition for Review (May 23, 2001) to
2  file his Petition for Writ of Certiorari with the United States
3  Supreme Court.  Therefore, on August 21, 2001, Petitioner's conviction
4  became final and the statute of limitations began to run.

5  Absent any statutory or equitable tolling, the statue of
6  limitations for Petitioner expired on August 21, 2002.

7  **1. Petitioner Is Not Entitled to Statutory Tolling**

8  The statute of limitations is tolled while a "properly filed"
9  state habeas corpus petition is "pending" in the state court. Under
10  the holding of Nino v. Galaza 183 F.3d 1003, 1006 (9th Cir. 1999),
11  the "statute of limitations is tolled from the time the first state
12  habeas petition is filed until the California Supreme Court rejects
13  petitioner's final collateral challenge," provided the petitions were
14  properly filed and pending during that entire time.

15  The statute of limitations is not tolled from the time a
16  final decision is issued on direct state appeal and the time the
17  first state collateral challenge is filed because there is no case
18  "pending" during that interval.  Nino 183 F.3d at 1006

19  The meaning of the terms "properly filed" and "pending" in
20  Nino have been clarified by the United States Supreme Court.  In
21  Carey v. Saffold 536 U.S. 214 (2002), the Court held that the time
22  between the denial of a petition in a lower California court and the
23  filing of a subsequent petition in the next higher court does not
24  toll the statute of limitations, if the petition is ultimately found
25  to be untimely.  Id. at 223-26.  In Pace v. DiGuglielmo 544 U.S. 408
26  (2005), the Court held that statutory tolling is not available for
27  the period a petition is under consideration, if it is dismissed by
28  the state court as untimely.  Id. at 413.  In Evans v. Chavis 546

U.S. 189 (2006), the Court held that in the absence of a clear indication by the California Supreme Court that a petition is untimely, "the federal court must itself examine the delay in each case and determine what the state courts would have held in respect to timeliness." Id. at 197   The Evans Court gave some guidance in making that determination: federal courts must assume (until the California courts state otherwise) that California law regarding timeliness does not differ significantly from other states which use thirty or sixty day rules for untimeliness and, a six month unexplained delay is presumptively unreasonable.

In this case, Petitioner's first petition for post conviction relief was filed in the San Diego Superior Court on January 10, 2008. (Respondent's Lodgment No. 9).  From August 21, 2001 (the date Petitioner's conviction became final) to January 10, 2008, **six years, four months and twenty days elapsed**.  Therefore, Petitioner filed his first petition for post-conviction relief well over six years after the statute of limitations expired.  Thus, Petitioner is not entitled to statutory tolling.[2]

### 2. Petitioner Not Entitled to Equitable Tolling of the Statute of Limitations

The one-year statute of limitations is subject to equitable tolling. Calderon 128 F.3d at 1288.  Equitable tolling of the statute of limitations is appropriate where a habeas petitioner shows: (1) that he has been pursuing his rights diligently, and (2) that some

---

[2] The Court notes that during the August 21, 2001 to January 10, 2008 interval, on May 10, 2002, Petitioner filed a Petition for Writ of Habeas Corpus in this Court. On June 6, 2002, Petitioner requested that his Petition be dismissed. On August 7, 2002, Petitioner's request was granted. An application for federal habeas corpus relief does not toll the statute of limitations. Duncan v. Walker 533 U.S. 167 (2001) Therefore, during the interval noted above, the statute of limitations was not tolled.

1 | extraordinary circumstance stood in his way. Pace v. DiGuglielmo 544
2 | U.S. 408, 418 (2005). When courts assess a habeas petitioner's
3 | argument in favor of equitable tolling, they must conduct a "highly
4 | fact-dependent" inquiry. Whalem/Hunt v. Early 233 F.3d 1146, 1148
5 | (9th Cir. 2000), Lott v. Mueller 304 F.3d 918, 923 (9th Cir. 2002) The
6 | extraordinary circumstances must be the "but-for and proximate cause"
7 | of the untimely filing. Allen v. Lewis 255 F.3d 798, 800 (9th Cir.
8 | 2001).

9 | Respondent argues that Petitioner is not entitled to
10 | equitable tolling because equitable tolling is only available to
11 | petitioners who pursue their rights diligently and that Petitioner
12 | did not pursue his rights diligently in this case. Moreover,
13 | Respondent argues that the evidence presented to the Court shows that
14 | Petitioner had ample time to timely file a Petition in this Court and
15 | did not do so.

16 | Petitioner does not present anything to the Court to suggest
17 | that he pursued his rights diligently and that some extraordinary
18 | circumstance stood in his way of timely filing. Therefore, the Court
19 | finds that Petitioner has failed to establish that he is entitled to
20 | the tolling of the statute of limitations pursuant to the doctrine
21 | of equitably tolling.

22 | Accordingly, the Court declines to equitably toll the statute
23 | of limitations in this case. As a result, Petitioner failed to file
24 | his Petition For Writ of Habeas Corpus with this Court within the
25 | one-year statute of limitations mandated in 28 U.S.C. §2244(d)(1)(A).
26 | \\
27 | \\
28 | \\

III

CONCLUSION

After a thorough review of the record in this matter, the Court has determined that Petitioner has failed to comply with the AEDPA's statute of limitations and that he is not entitled to equitable tolling of the statute of limitations. 28 U.S.C.A. § 2244(d). Accordingly, the Court RECOMMENDS that Respondent's Motion to Dismiss be GRANTED.

This report and recommendation of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case, pursuant to the provision of 28 U.S.C. § 636(b)(1).

**IT IS ORDERED** that no later than July 6, 2009, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than July 20, 2009. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 3, 2009

_____
Hon. Leo S. Papas
U.S. Magistrate Judge