FILED

09 DEC -2 PH 12: 13

CLERK. U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| ISAAC A. MITCHELL, | CASE NO. 09-cv-0518 BEN (LSP) |
|---|---|
| Plaintiff, | ORDER ADOPTING REPORT AND RECOMMENDATION |
| vs. | |
| M. MARTEL, Warden, | |
| Defendant. | |

## INTRODUCTION

Petitioner Isaac A. Mitchell filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (the "Petition") challenging his sentence under the Three Strikes Law based on his November 8, 1999 jury conviction for petty theft with a prior. (Docket No. 1.)  Before sentencing, the trial had found true that Petitioner suffered one prison prior, two serious felony priors, and two felony strike priors. On January 27, 2000, Petitioner was sentenced to the total term of 25 years to life in state prison.

Respondent filed a Motion to Dismiss the Petition ("Motion"), arguing the Petition was filed untimely under 28 U.S.C. § 2244(d)(1).  (Docket No. 11.)  Petitioner filed an Opposition to Respondent's Motion. (Docket No. 13.) The docket shows Respondent did not file a reply brief.

On June 3, 2009, Magistrate Judge Leo Papas issued a Report and Recommendation, recommending that Respondent's Motion be granted.  For the reasons stated below, the Court adopts the Report and Recommendation and **GRANTS** Respondent's Motion to Dismiss.

09cv0518

# CHRONOLOGY

As timeliness is an issue in this case, the Court finds the following chronology helpful:

| Date | Event |
|---|---|
| November 8, 1999 | Petitioner found guilty of petty theft with a prior conviction.  The trial court also found true one prison prior, two serious felony priors, and two strike priors.  (Respondent's Lodgement 1.) |
| January 27, 2000 | Petitioner sentenced to 25 years to life under the Three Strikes Law.  (CT 140-141, 166.) |
| May 23, 2001 | California Supreme Court denies Petitioner's Petition for Review.  (Respondent's Lodgement 7.) |
| May 10, 2002 | Petitioner files a Petition for Writ of Habeas Corpus in this Court.  (Case No. 02-0932-BTM) |
| August 7, 2002 | This Court dismisses the Petition, at Petitioner's request.  (Respondent's Lodgement 8.) |
| January 10, 2008 | Petitioner files a Petition for Writ of Habeas Corpus in California Superior Court.  (Respondent's Lodgement 9.) |
| January 28, 2008 | California Superior Court denies the Petition.  (Respondent's Lodgement 10.) |
| March 10, 2008 | Petitioner files a Petition for Writ of Habeas Corpus in California Court of Appeals.  (Respondent's Lodgement 11.) |
| May 21, 2008 | California Court of Appeals denies the Petition.  (Respondent's Lodgement 12.) |
| August 14, 2008 | Petitioner files a Petition for Writ of Habeas Corpus in California Supreme Court.  (Respondent's Lodgement 14.) |
| February 11, 2009 | California Supreme Court denies the Petition.  (Respondent's Lodgement 15.) |
| March 13, 2009 | Petitioner files a Petition for Writ of Habeas Corpus in this Court.  (Docket No. 1.) |

## FACTUAL AND PROCEDURAL BACKGROUND

Petitioner's conviction arises from a theft of goods at the K-Mart store located in Spring Valley, California.  On November 8, 1999, a jury convicted Petitioner of petty theft with a prior conviction. The trial court subsequently found true one prison prior, two serious felony priors, and two strike priors.

On January 27, 2000, the California Superior Court sentenced Petitioner to prison for 25 years to life based on the Three Strikes Law.  (CT 140-141, 166.)

On May 10, 2002, Petitioner filed a Petition for Writ of Habeas Corpus in this Court.  Based on Petitioner's failure to exhaust his state court remedies, at the Petitioner's request, this Court dismissed the Petition on August 7, 2002.

### I.    STATE PROCEEDINGS

On January 10, 2008, over five years later, Petitioner filed a Petition for Writ of Habeas Corpus in California Superior Court.  On January 28, 2008, the court denied the Petition, finding it was not filed timely.  The court further denied the Petition on the grounds the Petitioner failed to show his constitutional rights were violated when the trial court found he had suffered serious felony priors, and failed to show that his prior conviction for bank robbery did not constitute a serious felony.

Petitioner then filed a Petition for Writ of Habeas Corpus in the California Court of Appeals on March 10, 2008.  The petition was denied on May 21, 2008.  (Lodgment 12.)

On August 14, 2008, Petitioner filed a Petition for Writ of Habeas Corpus in California Supreme Court.  On February 11, 2009, the California Supreme Court denied the Petition, finding the Petitioner was not filed timely.

### II.    FEDERAL PROCEEDINGS

On March 13, 2009, Petitioner filed a Petition for Writ of Habeas Corpus in this Court based on 28 U.S.C. § 2254, alleging, *inter alia*, that his sentence as a "Three Striker" was improper and deprived him of his constitutional right to due process and that he was deprived of his constitutional right to effective assistance of counsel.

On May 18, 2009, Respondent filed a Motion to Dismiss, arguing the Petition is barred by the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996

1  ("AEDPA").

2         On June 1, 2009, Petitioner filed an opposition to the Motion to Dismiss.  (Docket No. 13.)

3         On June 3, 2009, Magistrate Judge Leo Pappas issued a Report and Recommendation

4  ("Report"), recommending that the district court enter an order granting Respondent's Motion to

5  Dismiss.  (Docket No. 14.)

6         On July 31, 2009, Petitioner filed an Objection to the Report.  (Docket No. 18.)

7         Respondent did not file a reply to Petitioner's Objection.

8  **DISCUSSION**

9  **I.  STATUTE OF LIMITATIONS**

10         Statute of limitations issues must be resolved before the merits of individual claims.  *White v.*

11  *Klitzkie*, 281 F.3d 920, 921-22 (9th Cir. 2002).  Under AEDPA, a petitioner has one year after the state

12  proceedings become final, plus any time tolled while pursuing state collateral relief, to file a federal

13  petition for writ of habeas corpus.  28 U.S.C. § 2244(d).  Specifically, the statute provides,

14         (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus
by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from

15  the latest of–

16           (A) the date on which the judgment became final by the conclusion of
direct review or the expiration of time for seeking such review;

17

18           (B) the date on which the impediment to filing an application created by
State action in violation of the Constitution or laws of the United States is removed, if
the applicant was prevented from filing by such State action;

19

20           (C) the date on which the constitutional right asserted was initially
recognized by the Supreme Court, if the right has been newly recognized by the
Supreme Court and made retroactively applicable to the cases on collateral review; or

21

22           (D) the date on which the factual predicate of the claim or claims
presented could have been discovered through the exercise of due diligence.

23         (2)  The time during which a properly filed application for State post-conviction or
other collateral review with respect to the permanent judgment or claim is pending shall not be counted

24  toward any period of limitation under this subsection.

25  28 U.S.C. § 2244(d).

26         It is appropriate to dismiss a federal petition for writ of habeas corpus with prejudice when it

27  was not filed within the AEDPA's one-year statute of limitations.  *Jimenez v. Rice*, 276 F.3d 478, 483

28  (9th Cir. 2001); *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).  The Ninth Circuit has noted that

-4-

1    under 28 U.S.C. § 2244(d)(1)(A), a conviction becomes final by the expiration of the time to seek

2    review from the highest court, whether or not such a petition is actually filed. *Wixom v. Washington*,

3    264 F.3d 894, 897 (9th Cir. 2001); *Bowen v. Roe*, 188 F.3d 1157, 1558-59 (9th Cir. 1999).

4            Here, direct review of Petitioner's convictions was completed on May 23, 2001. Petitioner then

5    had ninety days to file his Petition for Writ of Certiorari with the United States Supreme Court.

6    Therefore, on August 21, 2001, Petitioner's conviction became final and the statute of limitations began

7    to run.  Absent any statutory or equitable tolling, the statute of limitations for Petitioner expired on

8    August 21, 2002.  As the Petition currently before this Court was not filed until March 13, 2009, *i.e.*,

9    six and a half years after the limitations period lapsed, and Petitioner cannot avail itself of statutory or

10   equitable tolling, the Petition is untimely.

11           **II.       STATUTORY TOLLING**

12            Petitioner argues that his previous, federal habeas corpus petition filed in this Court on May

13   10, 2002 tolled the statute of limitations.  (Docket No. 13.)  Petitioner further argues that his state

14   habeas corpus petitions filed between January 10, 2008 and August 14, 2008 likewise tolled the statute

15   of limitations.  Petitioner's arguments lack merit.

16           Section 2244 plainly states that the statute of limitations is tolled while a "properly filed" state

17   habeas corpus petition is "pending" in the state court.  28 U.S.C. § 2244(d)(2).  "The statute of

18   limitations is tolled from the time the first state habeas petition is filed until the California Supreme

19   Court rejects the petitioner's final collateral challenge," provided the petitions were properly filed and

20   pending during that entire time. *Nino*, 183 F.3d at 1006.

21           Petitioner fails to cite any authority, and indeed there is none, permitting statutory tolling of the

22   limitations period where Petitioner improperly filed a federal habeas corpus petition before exhausting

23   his state court remedies.  The United States Supreme Court addressed this issue in *Duncan v. Walker*,

24   533 U.S. 167 (2001).  In *Duncan*, the Supreme Court affirmed the district court's dismissal of a state

25   prisoner's petition for habeas corpus as being untimely.  The petitioner in that case, similar to the

26   Petitioner here, had impermissibly filed an earlier federal petition before exhausting his state court

27   remedies.  In  holding that the earlier federal petition did not toll the limitations period, the United

28   States Supreme Court stated "Our task is to construe what Congress has enacted.  We begin, as always,

1  with the language of the statute." (*Id.* at 172.)  Because the plain language of the statute clearly

2  provided that only properly filed state habeas corpus petitions toll the limitations period under Section

3  2244(d)(2), the Court held that the petitioner's earlier federal petition did not toll the one-year statute

4  of limitations.  As such, the Court denied petitioner's habeas corpus petition as untimely.  *See also Lott*

5  *v. Mueller*, 304 F.3d 918, 920 (9th Cir. 2002).

6         Applied here, it is clear that Petitioner's earlier federal petition did not toll the limitations

7  period.  Even if tolling did apply, the Petition is still untimely because over five years had lapsed

8  between the dismissal of that petition and the filing of Petitioner's habeas corpus petition in State Court.

9         Contrary to Petitioner's assertion, the state habeas corpus petitions also did not toll the

10  limitations period in this case.  As noted, Section 2244(d)(2) clearly provides that only "properly filed"

11  state habeas petitions toll the one-year limitations period.  The term "properly filed" has been construed

12  by the United States Supreme Court as meaning, among other things, timely petitions; therefore,

13  petitions dismissed by the State Court as being untimely, such as Petitioner's state petitions in this case,

14  do not toll the statute of limitations.  *See Pace v. Digulielmo*, 544 U.S. 408, 413 (2005); *Carey v.*

15  *Saffold*, 536 U.S. 214, 223-26 (2002).

16         Here, Petitioner's state habeas corpus petition was filed on January 10, 2008.  (Respondent's

17  Lodgment No. 9.)  That petition was rejected as being untimely, first by the Superior Court on January

18  28, 2008, then by the California Court of Appeals on May 21, 2008, and finally by the California

19  Supreme Court on February 11, 2009.    Pursuant to *Pace* and *Carey*, because these petitions were

20  rejected as untimely, the petitions were not "properly filed" for purposes of Section 2244(d)(2) and,

21  thus, do not toll the limitations period in this case.

22  **III.    EQUITABLE TOLLING**

23         Petitioner also does not qualify for equitable tolling.

24         Equitable tolling is appropriate where the habeas petitioner shows: (1) he has been pursuing his

25  rights diligently; and (2) some extraordinary circumstances stood in his way.  The extraordinary

26  circumstances must be the "but-for and proximate cause" of the untimely filing.  *Allen v. Lewis*, 255

27  F.3d 798, 800 (9th Cir. 2001).

28         Petitioner has failed to demonstrate that he pursued his rights diligently.  Although he argues

1  that the interplay between state and federal habeas corpus rights confused him and caused him to

2  erroneously filed his federal petition before exhausting his state court remedies, Petitioner fails to

3  explain why he then took five and a half years to correct the error. Petitioner has not shown that any

4  extraordinary circumstances prevented him from filing his state petitions earlier.

5        Petitioner argues the limitations period does not apply because he is challenging his "sentence"

6  rather than his "conviction." This argument is a red herring and is rebutted by the Petition itself

7  wherein Petitioner states he seeks review of the State Court's determination that he had suffered serious

8  felony priors and had failed to show that his prior conviction for bank robbery did not constitute a

9  serious felony. (Docket No. 1.)

10        Petitioner's argument that the limitations period does not apply because he is asserting a newly

11  recognized constitutional right with retroactive applicability is likewise unavailing. Petitioner fails to

12  specify which new constitutional right applies, and the Court could find none. Similarly, any contention

13  that the Petition is based on newly discovered evidence found in his plea agreement is without merit

14  because Petitioner has not demonstrated how his plea agreement constitutes new evidence that could

15  not have been discovered earlier.

16  **CONCLUSION**

17        Because equitable tolling is inapplicable, and statutory tolling fails to bring the petition within

18  the applicable limitations period, the Court **ADOPTS** the Magistrate Judge's Report in its entirety and

19  **GRANTS** Respondent's Motion to Dismiss the Petition.

20

21  **IT IS SO ORDERED.**

22

23  DATED: _____, 2009

24  Hon. Roger T. Benitez
   United States District Judge

25

26

27

28

- 7 -