UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAAC C. MITCHELL,<br><br>                      Petitioner,<br>vs.<br><br>M. MARTEL, Warden, et al.,<br><br>                      Respondents. | CASE No. 09cv0518 BEN (LSP)<br><br>**ORDER DENYING RECONSIDERATION**<br><br>[Docket No. 24] |

      Petitioner Isaac C. Mitchell filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition"). Petitioner was convicted by a jury of petty theft with a prior conviction. Based on the Three Strikes Law, Petitioner was sentenced to prison for a term of 25 years to life. Respondent filed a Motion to Dismiss the Petition on the grounds the Petition was filed several years late. Dkt. No. 11. Magistrate Judge Leo Pappas issued a thoughtful and thorough Report and Recommendation recommending the Motion to Dismiss be granted. Dkt. No. 14. Petitioner filed objections. Dkt. No. 18. On December 1, 2009, after a de novo review, this Court adopted the Report and Recommendation and granted the Motion to Dismiss, thereby dismissing the Petition. Dkt. No. 21. On December 21, 2009, Petitioner filed a Motion for Reconsideration ("Motion") pursuant to Federal Rules of Civil Procedure 59 and 60. Dkt. No. 24. For the reasons discussed below, the Court **DENIES** Petitioner's Motion.

## DISCUSSION

"Although Rule 59(e) permits a district court to reconsider and amend a previous order, the rule

offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)(internal citations omitted). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Id.* (citing *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

None of these circumstances are presented here. Petitioner presents no newly discovered evidence. Petitioner's restatement of the same arguments previously made in his Opposition to Respondent's Motion to Dismiss and in his Objections to the Report and Recommendation do not indicate this Court committed clear error in denying his Petition. Nor does Petitioner cite to any intervening change in controlling law.

Similarly, Federal Rule of Civil Procedure 60 has no application here. Rule 60(b) provides for relief from final judgment for:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Petitioner does not identify which reason justifies relief from judgment. Nonetheless, the Court finds that none apply. As discussed above, Petitioner simply argues the same points raised in his Opposition to the Motion to Dismiss and Objections to the Report and Recommendation. These arguments were considered and addressed by the Court in the order adopting the Report and Recommendation and denying the Petition. Petitioner has failed to show that any of the reasons that may relieve a party from final judgment under Rule 60(b) exist in this case.

///

///

## CONCLUSION

Accordingly, Petitioner's Motion for Reconsideration is **DENIED**.

**IT IS SO ORDERED.**

DATED: January 07, 2010

_____
Hon. Roger T. Benitez
United States District Judge